UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNALISA NELSON,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,

        Defendant.
_____/

No. C-10-0101 EMC

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

**(Docket No. 17)**

On October 22, 2010, this Court issued an order denying Plaintiff Annalisa Nelson's motion for summary judgment and granting the cross-motion for summary judgment of Defendant the Commissioner of Social Security. *See* Docket No. 15 (order). Judgment was accordingly entered in favor of the Commissioner. *See* Docket No. 16 (judgment). Now pending before the Court is Ms. Nelson's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The Commissioner timely filed an opposition memorandum. *See* Docket No. 19. Ms. Nelson did not file a reply memorandum. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Ms. Nelson's motion.

## I. <u>DISCUSSION</u>

"Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an

initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'"[1] *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Ms. Nelson argues that the Court made a clear legal error in concluding that the ALJ did not violate SSR 00-4p. *See* Mot. at 10 (requesting "correction of the legal errors"). The Court does not agree.

First, contrary to what Ms. Nelson argues, the Court properly relied on *Mickelson-Wurm v. Commissioner SSA*, 285 Fed. Appx. 482 (9th Cir. 2008). Under Federal Rule of Appellate Procedure 32.1, "unpublished" appellate decisions issued on or after January 1, 2007, may be cited as authority. *See* Fed. R. App. P. 32.1(a). Furthermore, the Court simply cited *Mickelson-Wurm* for the proposition that SSR 00-4p requires an ALJ to provide a reasonable explanation for a conflict between (1) occupational evidence furnished by a vocational expert and (2) information in the Dictionary of Occupational Titles ("DOT") only where there is an "apparent unresolved conflict." The language "apparent unresolved conflict" comes directly from SSR 00-4p. *See* SSR 00-4p (stating that "[o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT" and that, "[w]hen there is an *apparent unresolved conflict* between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled") (emphasis added).

*Massachi v. Astrue*, 486 F.3d 1149 (9th Cir. 2007), the authority cited by Ms. Nelson, is not to the contrary. Indeed, in *Massachi*, the Ninth Circuit also referred to an apparent conflict. *See id.* at 1152-53. The court noted that, under SSR 00-4p, an "adjudicator 'will ask' the vocational expert 'if the evidence he or she has provided' is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any *apparent conflict*." (Emphasis added). The court in *Massachi* discussed *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) where the district court was "aware" that the vocational expert's testimony deviated from the DOT but justifiably relied on the persuasive testimony of the expert which left no "unresolved potential inconsistenc[ies] in the

---

[1] There is no dispute that Ms. Nelson timely filed her motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e) (providing that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

evidence." 486 F.3d at 1153 (citations omitted). Importantly, the deviation in *Johnson* was clear and apparent. As the court in *Massachi* explained, the purpose of SSR 00-4p is to ensure a clear record why the ALJ relied on the vocational expert's testimony "particularly in cases where the expert's testimony conflicts with the [DOT]." *Id.* at 1153. *Massachi* did not address *when* that conflict is sufficiently apparent as to warrant the ALJ's inquiry. That is where *Mickelson-Wurm* provides guidance. The two decisions do not conflict.

Second, as discussed in this Court's ruling, there was no obvious conflict left unattended by the ALJ. At the hearing, the ALJ asked the vocational expert -- before he provided testimony -- to tell him "if at any time your opinions differ in any regard from the DOT or other sources." AR 425 (ALJ hearing); *see also* Docket No. 15 (Order at 5 n.2). While the ALJ did not answer that question explicitly, he did so implicitly. At the hearing, the vocational expert testified that "a ticket seller, . . . if they had to do full extension, could use their *non-dominant . . . upper extremity*." AR 437-39 (ALJ hearing) (emphasis added). There is nothing in the DOT that precludes performing the job as ticket seller where the claimant can reach with the non-dominant hand. Although the vocational expert did not expressly provide an opinion on overhead reaching, given the vocational expert's testimony that a ticket seller could perform full extension with her nondominant upper extremity, it is a reasonable inference that a ticket seller could also perform overhead reaching with the non-dominant upper extremity. There is nothing to indicate that there would be any material difference between full-extension and overhead reaching in this regard. *Cf. Huerta v. Astrue*, No. 2:09-CV-001-PRC, 2009 U.S. Dist. LEXIS 108306, at *58 (N.D. Ind. Nov. 19, 2009) (noting that "Plaintiff has not made any showing that the alleged conflict was 'apparent' at the hearing" and that, "[b]ecause the VE identified and explained the inconsistency with the hand packager job, it is reasonable to expect that this same VE would have articulated any inconsistencies between the DOT and the other two job categories"). Fairly read, the expert's testimony "left no unresolved potential inconsistenc[ies] in the evidence." *Massachi*, 486 F.3d at 1153 (citation omitted).

Third, the Court's conclusion that there was no apparent conflict in the instant case was bolstered by (but not entirely reliant upon) the fact that Ms. Nelson's counsel had failed to point to a conflict during the hearing before the ALJ even though he cross-examined the vocational expert.

3

1 This Court noted any conflict between the expert testimony and the DOT was not so obvious that the
2 ALJ should have picked up on the conflict without assistance. *See* Docket No. 15 (Order at 5); *see*
3 *also Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (stating that, where the ALJ is not alerted
4 to a conflict, then the conflict must be "obvious enough that the ALJ should have picked up on [the
5 conflict] without any assistance" before SSR 00-4p is triggered).

6 Fourth, the fact that the Commissioner takes administrative notice of reliable job information
7 available from the DOT, *see* 20 C.F.R. § 404.1566(d)(1) (providing that "we will take administrative
8 notice of reliable job information available from various governmental and other publications" such
9 as the "Dictionary of Occupational Titles, published by the Department of Labor"), does not
10 establish that the conflict now claimed by Ms. Nelson was apparent. As the Court stated in its order:
11 "[T]he DOT did not describe with any specificity the reaching required for the positions of ticket
12 sellers and order clerks, food/beverage. . . . Furthermore, there is nothing about the job of ticket
13 seller or order clerk, food/beverage, which would lead intuitively to the conclusion that overhead or
14 full-extension reaching with both hands (or the dominant hand) is required." Docket No. 15 (Order
15 at 6). The fact that SSR 85-15 defines reaching as "extending the hands and arms in any direction"
16 is not dispositive. It does not address whether reaching with one hand permits performance of any
17 particular job. Moreover, while SSR 85-15 has been in existence since 1985, it does not have any
18 direct relationship to the DOT. SSR 85-15 does not purport to interpret the DOT. *See id.* (Order at
19 6).

20 Finally, even if there were an apparent conflict that required the ALJ to affirmatively and
21 explicitly pursue it at the hearing, any such failure by the ALJ to comply with SSR 00-4p was
22 harmless. *See Massachi*, 486 F.3d at 1153-54 n.19 (indicating that an ALJ's failure to ask the
23 vocational expert whether her testimony conflicted with the DOT and, if so, whether there was a
24 reasonable explanation for the conflict would be harmless error where there was no conflict or where
25 "the vocational expert had provided sufficient support for her conclusion so as to justify any
26 potential conflicts"). As the Court held in its order on summary judgment and as noted above, the
27 ALJ elicited a reasonable explanation for any possible conflict before relying on the vocational
28 expert evidence. *See* Docket No. 15 (Order at 6).

## II. CONCLUSION

For the foregoing reasons, Ms. Nelson's motion to alter or amend the judgment is denied. This order disposes of Docket No. 17.

IT IS SO ORDERED.

Dated: January 25, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge